**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0515n.06

No. 19-1070

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 11, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| OMAR BATSON, )<br><br>Plaintiff-Appellee, )<br><br>v. )<br><br>GENESEE COUNTY SHERIFF'S DEPUTY )<br>HOOVER, ET AL., )<br><br>Defendants, )<br><br>and )<br><br>GENESEE COUNTY SHERIFF'S DEPUTY )<br>SERGEANT DAVID KENNAMER, )<br><br>Defendant-Appellant. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br><br>OPINION |

Before: KETHLEDGE, BUSH, AND NALBANDIAN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Omar Batson thought he was about to be set free from jail. Instead, he was denied release and subject to what he contends was unconstitutional treatment, giving rise to this action under 42 U.S.C. § 1983. Batson claims that corrections officers handcuffed and pepper-sprayed him and led him to a holding cell in solitary confinement. Batson further alleges that, during the escort to the holding cell, two officers slammed him into walls and doors, injuring his head, shoulders, and chest. Blinded by the pepper spray, Batson could not identify who the officers were. Other testimony showed they were Deputies Nicolas Leonowicz and David Kennamer.

Because a reasonable jury could find, based on the record evidence, that Kennamer was individually involved in the allegedly unconstitutional use of force, we **AFFIRM** the district court's denial of Kennamer's motion for summary judgment on the issue of qualified immunity.

**I.**

For the purposes of this appeal, Kennamer must concede any factual disputes and adopt the version of events put forth by Batson. *Moldowan v. City of Warren*, 578 F.3d 351, 370 (6th Cir. 2009) (quoting *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998) (noting that if "the defendant disputes the plaintiff's version of the story, the defendant must nonetheless be willing to concede the most favorable view of the facts to the plaintiff for purposes of the appeal.")). We therefore recount the following facts in the light most favorable to Batson. *See Sheets v. Mullins*, 287 F.3d 581, 585 (6th Cir. 2002).

In June 2014, Batson was convicted of misdemeanor reckless driving and drunken driving and sentenced to 45 days in the Genesee County (Michigan) Jail. On the evening of July 11, 2014, Batson approached the guard desk in his cell block with others who were to be released that evening. The on-duty deputy told Batson to get away from the desk, and Batson complied. After Batson walked away, the deputy called out "Code Green" (the code which indicates that an officer needs assistance), at which point another deputy came and placed Batson into handcuffs. Other deputies arrived on the scene to ask the desk deputy what happened, prompting Batson to retort, "I didn't do anything." Leonowicz told him to "shut up" and then sprayed pepper spray in his eyes and face.

Two of the on-duty officers, Leonowicz and Kennamer, then walked with Batson down the hallway to solitary confinement. Along the way, Batson was repeatedly slammed into doors and walls, hitting his head, chest, and shoulders. Blinded by the pepper spray, Batson could not

identify which of the two deputies shoved him. Leonowicz filed an incident report, noting that he escorted Batson to solitary confinement. Kennamer later confirmed that he also was present during the escort. Batson remained in the Genesee County Jail for three more days.

Batson filed his complaint on July 6, 2017, naming more than 80 employees of the Genesee County Sheriff Department as defendants. On September 5, 2018, the district court dismissed the complaint as to all but Genesee County and four individually named defendants: Sergeant David Kennamer, Deputy Nicolas Leonowicz, Lieutenant Leona Broecker, and Deputy David Hoover. The district court then entered summary judgment in favor of the county and Broecker and Hoover and denied summary judgment on qualified immunity grounds as to Kennamer and Leonowicz. Leonowicz does not appeal the district court's denial of summary judgment. Kennamer filed a timely notice of appeal.

## II.

We have jurisdiction over this interlocutory appeal under 28 U.S.C. § 1291. "[A]ny summary judgment order denying qualified immunity is immediately appealable to the extent it is 'based on a pure issue of law.'" *Pollard v. City of Columbus*, 780 F.3d 395, 401 (6th Cir. 2015) (quoting *Leary v. Livingston County*, 528 F.3d 438, 448 (6th Cir. 2008)).

We review a district court's denial of qualified immunity at the summary judgment stage de novo. *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010). Generally, we analyze qualified immunity in two steps: (1) whether the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation. *Fazica v. Jordan*, 926 F.3d 283, 289 (6th Cir. 2019). But when, as here, the defendant only challenges the denial of qualified immunity on the basis that the plaintiff has not shown the defendant's individual involvement with the alleged constitutional violation, we limit our review to the particular issue

of involvement and do not delve into an analysis of whether a violation of an established constitutional right occurred. *Id*. Also, although Kennamer does not dispute that the use of force alleged by Batson was excessive, Kennamer maintains that he cannot be held liable under a failure-to-intervene theory because there is only speculation as to what occurred during the escort. Therefore, we consider first whether Batson has provided sufficient record evidence so that a reasonable jury could find that Kennamer was involved in the alleged constitutional violations that occurred when Batson was taken to solitary confinement, and second, whether Batson has provided sufficient evidence so that a jury could find that Kennamer could be liable for failing to intervene to prevent the unconstitutional conduct.

For Batson's claim to survive summary judgment, he must point to sufficient evidence to create a "disputed issue of material fact as to whether each individual officer was personally involved in the conduct that violated the plaintiff's constitutional rights." *Id*. (cleaned up). This is because "[e]ach defendant's liability must be assessed individually based on his own actions." *Id*. (quoting *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010)). Mere presence during a constitutional violation, without showing direct responsibility for the action, does not subject an officer to liability. *Fazica*, 926 F.3d at 289.

**A. Kennamer's Individual Liability**

Kennamer argues that because Batson cannot clearly attribute use of force to Kennamer, Batson cannot prove that his constitutional rights were violated by Kennamer's conduct. In other words, according to Kennamer, Batson must specifically identify Kennamer as an officer who escorted him to solitary confinement in order to prove that Kennamer was involved in the alleged excessive force. (Appellant's Br. at 25.) We disagree. Based on the evidence in the record, a reasonable jury could find Kennamer's involvement in the actions violated Batson's clearly

established constitutional rights through excessive force or failure to intervene. *See Fazica*, 925 F.3d at 290.

This circuit has consistently held that "where a plaintiff who was unable to identify clearly which officers committed specific acts during the incident produces evidence that places an individual defendant in a small group of officers that committed allegedly unconstitutional acts within each other's presence, the plaintiff's claim against that defendant may survive summary judgment." *Id.* at 292, 290–92 (citing *Burley v. Gagacki*, 729 F.3d 610, 622 (6th Cir. 2013) (collecting cases)).

Although summary judgment on grounds of qualified immunity is appropriate when "the plaintiff lacked sufficient information to name responsible defendants or to offer an informed account of the facts," *Pershell v. Cook*, 430 F. App'x 410, 416 (6th Cir. 2011); *see also Fazica*, 925 F.3d at 291–92 (collecting cases), summary judgment may not be warranted when the plaintiff, because of circumstances beyond his control, is unable to identify the officer. In these circumstances, if the plaintiff is unable to definitively identify which officer committed allegedly unconstitutional acts, a plaintiff may nonetheless survive summary judgment when he introduces sufficient evidence to place the officer at the scene. *Fazica*, 925 F.3d at 290.

For example, in *Fazica*, the plaintiff was arrested for drunk driving and was unruly and uncooperative when she was booked at the police station. 926 F.3d at 285. The officers incorrectly placed a "spit hood," a mask which is designed to allow the wearer to see through an opaque mesh, over her head. *Id*. The seam of the hood was pulled up too high on the plaintiff's face so as to almost completely block her vision. *Id*. While her vision was obstructed, the officers ripped her pants off and strip searched her, fondling her breasts and buttocks. *Id*. at 286. Though she was unable to definitively identify each officer who was present during the strip search, the plaintiff

was able to provide some general distinguishing descriptions, which, combined with a case report that placed all the defendant officers at the scene, were sufficient to survive a motion for summary judgment on the issue of qualified immunity. *Id*. at 294.

Further, in *Pershell*, we affirmed the district court's denial of summary judgment on grounds of qualified immunity when the plaintiff was unable to identify which member of a small group of defendants applied unconstitutionally excessive force. 430 F. App'x at 413. The plaintiff's glasses were knocked from his face, and he was unable to identify which officer committed what acts, referring to them only as "Troopers 'A', 'B', and 'C.'" *Id*. at 412. This generic identification was sufficient, we concluded, because "[t]hese sources will provide the jury with sufficient information to determine the liability of each individual defendant for the alleged constitutional violation." *Id*. at 413–16.

Similarly, in *Binay*, summary judgment was denied for qualified immunity when the defendant officers had concealed their identities. Five or six masked officers executed a search warrant on the plaintiff's home and held him and his wife at gunpoint while the officers ransacked the home and interrogated the couple. 601 F.3d at 643–44. Though the plaintiffs could not identify which officers committed the unconstitutional acts against them because the officers wore masks, there was enough evidence to place the individual officers at the scene of the raid so as to preclude summary judgment on the officer's individual involvement. *Id*. at 651; *see also Burley*, 729 F.3d at 620 (holding that summary judgment on the issue of qualified immunity was improper because the defendants' possible participation in a small group that committed alleged constitutional violations sufficed to create a triable issue of fact as to the defendants' individual involvement).

Our reasoning here follows the logic of *Fazica*, *Pershell*, *Binay*, and *Burney*. Batson has produced enough evidence so that a reasonable jury could find that Kennamer violated Batson's

6

constitutional rights or observed his colleague violating Batson's constitutional rights and failed to intervene. Batson could not readily identify which officers beat him while he was escorted to solitary confinement because he had been blinded by pepper spray. Accepting Batson's version of the facts as true, his proof is sufficient under *Fazica*, *Pershell*, *Binay*, and *Burney* to create a jury issue on whether Kennamer was present when the excessive force occurred. Batson maintains that two men took him to solitary confinement. Kennamer and Leonowicz both admitted that they were the officers who escorted Batson. A jury could find Kennamer was personally involved in using excessive force against Batson.

### B. Failure to Intervene

Kennamer further argues that, even if he was present during the transport, Batson has not produced record evidence to show that he failed to intervene to prevent the alleged excessive force. "[An] officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and means to prevent the harm from occurring." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (internal citation omitted).

The district court found that the jury could make "three logically consistent and legally sound findings . . . (1) neither defendant used excessive force and therefore neither is liable; (2) both of them used excessive force, and therefore both are liable; or (3) one of them used excessive force while the other stood by and watched, doing nothing to prevent it." (R. 78 at PageID 1293.) Kennamer argues that the district court engaged in impermissible speculation as to whether he can be liable under a theory of failure to intervene. (Appellant's Br. at 23); *see Turner*, 119 F.3d at 429 (holding that a district court's speculation with no factual support from the record did not permit liability for failure to intervene). But unlike in *Turner*, where the district court

speculated with no factual support from the record whatsoever, here, Batson has produced sufficient record evidence so that a reasonable jury could find Kennamer liable under either a theory of direct force or for failure to intervene.

The record shows that Kennamer and Leonowicz were present during Batson's escort to solitary confinement. Accepting Batson's version of the facts as true, the record further shows that an allegedly unconstitutional use of force was applied to Batson during that escort. Even if Leonowicz had committed every act of excessive force against Batson, a jury could still find Kennamer liable for failure to intervene. Viewing the facts in the light most favorable to Batson, there is a genuine question for the jury of whether there was sufficient opportunity for the officer to realize that excessive force was being used and to intervene. *See Fazica*, 926 F.3d at 295, n.5. According to Batson's account, Kennamer and Leonowicz walked him down a hallway, while one or both of them slammed his head, shoulders, and chest into walls and doors. This evidence is enough for a reasonable jury to find that Kennamer is liable for failing to intervene.

### III.

For the reasons set forth above, the district court's denial of Kennamer's motion for summary judgment is **AFFIRMED**.